United States District Court
Middle District of Florida
Jacksonville Division

**JESSICA MAE MISORA,**

 *Plaintiff,*

v.            NO. 3:21-cv-1208-BJD-PDB

**ZENITH INSURANCE COMPANY,**

 *Defendant.*

___

# Order

  Defendant Zenith Insurance Company moves to set aside default, Doc. 14, and requests oral argument, Doc. 15. Although plaintiff Jessica Mae Misora disagrees with Zenith's contentions, she has no opposition to setting aside default. Doc. 24.

  A defendant must answer a complaint within 21 days after service of process or, if the defendant timely waived service, within 60 days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Because of a strong policy to decide a dispute on the merits, default is disfavored. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). A court may "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c).

Assuming without deciding default was properly entered, Zenith shows good cause to set aside the default. Once Florida's Chief Financial Officer electronically forwarded a copy of process to Zenith's designated agent, Zenith acted promptly to respond to the lawsuit. No prejudice is claimed or apparent. And Zenith may have meritorious defenses, as reflected in its motion to dismiss. Doc. 18.

The Court **grants** the motion, Doc. 14; **sets aside** the default, Doc. 13; and **considers** the motion to dismiss, Doc. 18, timely.

**Ordered** in Jacksonville, Florida, on March 7, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*